**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| EVANDRO RAFAEL CRUZ,                ) | |
| ) | |
| Petitioner,          ) | |
| ) | Civil Action No. |
| v.                ) | 26-12992-FDS |
| ) | |
| ANTONE MONIZ, et al.,              ) | |
| ) | |
| Respondents.           ) | |
| ) | |

**MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings.  Petitioner Evandro Rafael Cruz is a Brazilian national who has resided in the United States for approximately seven years.

On June 8, 2026, petitioner was taken into ICE custody.  He contends that his continued detention without an individualized bond hearing violates his due-process rights and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts.  Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.    **Background**

Evandro Rafael Cruz, a Brazilian national, initially entered the United States on

December 29, 2018, on a B-2 nonimmigrant visa.  (Pet. ¶ 4).  Since then, he has worked in food delivery and personal training.  (*Id.* ¶ 46).  He shares custody of his U.S. citizen daughter with a former partner.  (*Id.*).

On June 8, 2026, petitioner was arrested and taken into ICE custody in Westborough, Massachusetts, after appearing in court to pay a traffic fine.  (*Id.* ¶ 5).  He is currently detained at Plymouth County Correctional Facility in Plymouth, Massachusetts.  (*Id.* ¶ 2).

The respondents are Antone Moniz, Superintendent, Plymouth County Correctional Facility; David Wesling, Boston Field Office Director, Immigration and Customs Enforcement and Removal Operations; Michael Krol, New England Special Agent in Charge, Homeland Security Investigations; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, U.S. Secretary of Homeland Security; Todd Blanche, Acting Attorney General of the United States; the Department of Homeland Security; and Daren Margolin, Director, Executive Office for Immigration Review.  (*Id.* ¶¶ 48-56).[1]

On June 30, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 4 at 2-3).

On June 24, 2026, respondents answered the petition.  (Resp'ts' Resp., Dkt. No. 6).  They contended that although petitioner could be detained only under 8 U.S.C. § 1226, he had not yet

---

[1] The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent in habeas.  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").  David Venturella, Markwayne Mullin, Todd Blanche, and Daren Margolin are national officials who have no direct supervision over ICE detainees in Massachusetts.  The Court will therefore dismiss the claims against those respondents.

requested a bond hearing in immigration court, and his habeas petition was therefore "premature." (*Id.* at 1).

## II.    <u>Analysis</u>

Because petitioner initially entered the United States legally, he can be detained, if at all, only under 8 U.S.C. § 1226.  The government does not contest this point.  (Resp'ts' Resp. 1).  Nonetheless, it contends that this petition is premature because petitioner has not yet requested a bond hearing before an immigration judge.  (*Id.*).  But the First Circuit has held that such a hearing is constitutionally required, and that appears to be true whether or not it is requested by a detainee.  *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).  Therefore, petitioner's continued detention without a bond hearing is "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk."  *Hernandez-Lara*, 10 F.4th at 41; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).  Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

## III.    <u>Conclusion and Order</u>

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*,

10 F.4th 19 (1st Cir. 2021) no later than July 22, 2026.  The claims against respondents David

Venturella, Markwayne Mullin, Todd Blanche, and Daren Margolin are DISMISSED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  July 15, 2026                             United States District Judge

4